IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN FROST, et al.,

    Defendants.                             Case No. 05-cr-30133-6-DRH

## SUPPLEMENTAL SENTENCING ORDER

**HERNDON, Chief Judge:**

    This Order serves to supplement the Court's findings, made during defendant Frost's October 5, 2007 Sentencing Hearing, to clarify the legal grounds as to why defendant Frost is not entitled to the "safety valve" two point reduction of his offense level under **U.S.S.G. § 5C1.2(a)**. During his sentencing, the Court originally ruled that defendant Frost was not entitled to a two point reduction because he was not subject to the mandatory minimum term of imprisonment. However, this appears to be inconsistent with the rule followed by many appellate circuits and also Application Note 21[1] regarding **U.S.S.G. § 2D 1.1(b)(9)**. ***See U.S. v. Feingold*, 454 F.3d 1001 (9th Cir. 2006)**("[W]e join our sister circuits in

---

[1] Application Note 21 to **§ 2D1.1** states:

<u>Applicability of Subsection (b)(9).</u> – The applicability of subsection (b)(9) shall be determined without regard to whether the defendant was convicted of an offense that subjects the defendant to a mandatory minimum term of imprisonment. Section § 5C1.2(b), which provides a minimum offense level of level 17, is not pertinent to the determination of whether subsection (b)(9) applies.

**observing that a two-point reduction under this provision is available to criminal defendants regardless of whether their offense carries a mandatory minimum.")(citing *United States v. Osei*, 107 F.3d 101, 104-05 (2d Cir. 1997); *United States v. Warnick*, 287 F.3d 299, 304 (4th Cir. 2002); *United States v. Leonard*, 157 F.3d 343, 345-46 (5th Cir. 1998); *United States v. Mashek*, 406 F.3d 1012, 1018-20 (8th Cir. 2005); *United States v. Mertilus*, 111 F.3d 870, 873-74 (11th Cir. 1997); *United States v. Plunkett*, 125 F.3d 873, 874 (D.C. Cir. 1997))**.

Thus, the Court finds a defendant may possibly qualify for a "safety valve" two point reduction under **U.S.S.G. § 2D1.1(b)(9)**, but only if the defendant meets the criteria set forth in **U.S.S.G. § 5C1.2(a)**. In this case, defendant Frost did not meet with the Government as required by **§ 5C1.2(a)(5)**, so he will not qualify for the application of the two point reduction under **§ 2D1.1(b)(9)** by virtue of this failure. Defendant Frost's total offense level remains as was determined during his Sentencing Hearing and will be reflected in the Judgment.

**IT IS SO ORDERED**.

Signed this 9th day of October, 2007.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**